UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>v.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>               Defendants. | Case No.:  18-CV-1895-AJB-LL<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTIONS TO APPOINT COUNSEL;**<br><br>**(2) DENYING DEFENDANT'S REQUESTS FOR EXTENDED TIME TO ANSWER THE COMPLAINT; AND**<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>(Doc. Nos. 31, 35, 45, 52) |

      Presently before the Court are Defendant Richard C. Gounaud's motions for appointment of counsel, requests for extended time to answer the complaint, and motion to strike Plaintiff's complaint. (Doc. Nos. 31, 35, 45, 52.) Plaintiff opposes these motions. (Doc. Nos. 49, 55.) For the reasons set forth more clearly below, the Court **DENIES** Defendant's motions to appoint counsel, **DENIES** Defendant's requests for extended time to answer the complaint, and **DENIES** Defendant's motions to strike Plaintiff's complaint.

# I. BACKGROUND

On August 15, 2018, Plaintiff Securities and Exchange Commission filed a complaint alleging that Richard C. Gounaud ("Defendant") among others committed several violations of federal securities laws. (Doc. No. 1.) On September 27, 2018, Defendant filed a motion for extension of time to file a response. (Doc. No. 27.) The Court granted Defendant's request to extend his time to file a response until December 7, 2018. (Doc. No. 32.) On October 26, 2018 and November 5, 2018, Defendant filed two motions for extension of time to respond and for appointment of pro bono counsel. (Doc. Nos. 35, 45.) Defendant contends that he seeks pro bono counsel to assist him in the filing of a transfer of venue motion to New Jersey. (*Id.*) Plaintiff does not oppose Defendant's seeking additional time to respond, however, Plaintiff did oppose Defendant's motion to appoint pro bono counsel. (*See generally* Doc. No. 49.)

On December 7, 2018, Defendant filed a motion to strike Plaintiff's complaint on the basis that the complaint uses the term "flip" excessively and in an inflammatory sense. (Doc. No. 52.) Plaintiff opposes the motion. (Doc. No. 55.)

# II. DISCUSSION

A. <u>Motions to Appoint Counsel</u>

"Generally, there is no constitutional right to counsel in a civil case." *Green Valley Land and Cattle Co., Inc. v. Bailey*, 923 F.2d 861, at *3 (9th Cir. 1991) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1990)). However, the Ninth Circuit has recognized that in certain exceptional circumstances appointment of counsel may be proper. *Id.* "A finding of exceptional circumstances requires an evaluation of the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Defendant's main argument for counsel is that a change in venue motion is a

complex document. (Doc. No. 31 at 1, Doc. No. 35 at 1, Doc. No. 45 at 2.) Defendant's reason that a legal motion will be complex to draft is not a sufficient reason to appoint counsel. Further, Defendant has actively participated in this litigation and has a sufficient grasp of his case.

Accordingly, the Court **DENIES** Defendant's motions for appointment of counsel.

B.  Requests for an Extension of Time to File an Answer

Defendant sought an extension of time to file an answer. Defendant was previously granted until December 7, 2018 to file an answer. (Doc. No. 32.) Defendant then filed a motion to strike Plaintiff's complaint on December 7, 2018. (Doc. No. 52.) The motion to strike has since tolled Defendant's requirement to file an answer. *See* Fed. R. Civ. P. 12(a)(4). Accordingly, the Court **DENIES** Defendant's request for an extension of time to file an answer as moot and without prejudice.

C.  Motion to Strike

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial and impertinent matters are generally defined as allegations which have no bearing or relevance on the issues before the Court. *See In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). But, "[the] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The court views the pleading in the light most favorable to the nonmoving party. *Id.*

Defendant seeks to strike Plaintiff's entire complaint on the basis of Plaintiff's usage of the word "flip" and variations of the word "flip" in the complaint. (*See generally* Doc. No. 52.) Defendant states that the term "flip" and its variations are simply used to be harmful, derogatory, and inflammatory. (*Id.* at 3.) Plaintiff has failed to establish how the use of the "term" is redundant, impertinent or scandalous. "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on

the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). This litigation involves the very issue of routinely buying and selling securities quickly, otherwise known as "flipping." *(See generally* Doc. No. 1.) Accordingly, this term is not redundant, immaterial or impertinent.

Further, the term "flip" in this instant litigation is not scandalous. The Ninth Circuit has recognized that the term "flipping" is the action of purchasing securities and quickly reselling those shares in order to turn a quick profit. *Myers v. Merrill Lynch & Co., Inc.*, 249 F.3d 1087, 1087 (9th Cir. 2001). Further, other courts have frequently recognized the term "flipping" in regards to securities. *See e.g.*, *U.S. v. Bennett*, 621 F.3d 1131 (9th Cir. 2010); *Schaffer Family Investors, LLC v. Sonnier*, 120 F. Supp. 3d 1028 (C.D. Cal. 2015). The term is not used to be scandalous but rather to describe the action of routinely buying and selling securities quickly to make a profit. The term is not scandalous because it might illicit negative connotations. Further, the one case relied upon by Defendant as an example of a court limiting the use of terms, such as "ponzi scheme," is a District Court case from Oklahoma and therefore, not binding authority on this Court. *See Roda Drilling Co. v. Siegal*, No. 07-CV-400-GFK-FHM, 2009 WL 1926269 (N.D. Okla. June 29, 2009). Further, the court in *Roda Drilling Co.* issued its ruling on a motion in limine rather than a motion to strike a complaint. *See id.* at *1. This case is simply not on point and is not persuasive. Accordingly, the Court finds that this term is not scandalous.

Thus, the Court **DENIES** Defendant's motion to strike.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motions for appointment

//
//
//
//
//
//

4

of counsel, **DENIES** Defendant's requests for an extension of time to file an answer as moot, and **DENIES** Defendant's motion to strike.

**IT IS SO ORDERED**.

Dated: May 15, 2019

Hon. Anthony J. Battaglia
United States District Judge