UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>                    Defendants. | Case No.: 18cv1895-AJB (LL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT STIPULATION FOR EXTENSION OF DISCOVERY DATES**<br><br>**[ECF No. 105]** |

On August 28, 2019, Plaintiff Securities and Exchange Commission (SEC), Defendant Jocelyn Murphy, Defendant Michael Murphy, and Defendant Richard Gounaud filed a joint motion to extend several discovery-related deadlines by approximately two-and-a-half to three months. ECF No. 105. In support, the parties state that (1) Plaintiff's lead counsel resigned his position at the SEC on August 9, 2019 and new SEC counsel joined the case on August 2, 2019; (2) despite diligently conducting discovery, additional discovery still remains, including the depositions of Defendants; (3) Defendant Gounaud's answer to the complaint is still outstanding; and (4) Defendant Gounaud's motion to change venue is currently pending. Id. at 2-3.

/ / /

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 76 at 6 (stating that dates and times "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The Court has reviewed the joint motion and finds good cause to extend the deadlines, but not for the length of time requested. The parties have been aware of the Scheduling Order establishing the discovery-related deadlines since April 1, 2019. See ECF No. 76. The parties have not adequately explained why they have not yet completed the depositions of any of the three remaining Defendants, despite about five months of discovery. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the joint motion and resets the deadlines as follows:[1]

| Event | Current Date | New Date |
|---|---|---|
| Fact-Discovery Deadline | September 27, 2019 | November 27, 2019 |
| Expert Designations | October 28, 2019 | December 17, 2019 |
| Rebuttal Expert Designations | November 12, 2019 | January 10, 2020 |
| Expert Disclosures | December 12, 2019 | February 10, 2020 |
| Contradictory/Rebuttal Disclosures | January 10, 2020 | February 24, 2020 |
| Expert Discovery Deadline | February 10, 2020 | March 24, 2020 |
| Pretrial Motion Deadline | March 10, 2010 | April 24, 2020 |

---

[1] Because the amended expert discovery deadline is March 24, 2020, the Court finds it necessary to extend the subsequent pretrial dates.

| Event | Current Date | New Date |
|---|---|---|
| Confidential Settlement Statements | May19, 2020 | June 30, 2020 |
| Mandatory Settlement Conference | May 27, 2020 at 9:30 a.m. | July 8, 2020 at 9:30 a.m. |
| FRCP 26(a)(3) Pretrial Disclosures | June 11, 2020 | July 23, 2020 |
| Civil LR 16.1.f.4 Meeting | June 18, 2020 | July 30, 2020 |
| Objections to Pretrial Disclosures | June 25, 2020 | August 6, 2020 |
| Proposed Final Pretrial Conference Order | July 2, 2020 | August 13, 2020 |
| Final Pretrial Conference | July 9, 2020 at 2:00 p.m. | August 20, 2020 at 2:00 p.m. |

All other requirements remain as previously set. See ECF No. 76.

**IT IS SO ORDERED**.

Dated: September 9, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge