UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                         Plaintiff,<br><br>v.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>                                         Defendants. | Case No.: 18-CV-1895-AJB-LL<br><br>**ORDER DENYING DEFENDANT RICHARD GOUNAUD'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**<br><br>(Doc. No. 86) |

Presently before the Court is Defendant Richard C. Gounaud's motion to transfer venue to the District of New Jersey. (Doc. No. 86.) Plaintiff opposes this motion. (Doc. No. 96.) Defendants Jocelyn M. Murphy and Michael S. Murphy also oppose this motion. (Doc. No. 97.) For the reasons set forth more clearly below, the Court **DENIES** Defendant's motion to transfer venue.

/ / /

# BACKGROUND

On August 15, 2018, Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") filed a complaint alleging fourteen defendants with violations of securities laws arising from the unregistered broker conduct of Defendant RMR Asset Management Co. ("RMR"), its principal, Ralph M. Riccardi ("Riccardi"), and other defendants. Shortly after the filing of this complaint, consent judgments were entered against 11 of the 14 defendants, concluding the case as to those 10 individuals and RMR. (Doc. Nos. 3–22.) The three remaining defendants include Jocelyn M. Murphy, Michael S. Murphy (hereinafter the "Murphys"), and Richard C. Gounaud ("Defendant").

RMR, the company that Defendant worked for during the relevant time period, had its principal place of business in Chula Vista, California. (Doc. No. 1 ¶¶ 12–13.) Over the years, Defendant received requests from Riccardi to buy bonds on his and RMR's behalf, while Riccardi resided and worked in Chula Vista, California. (*Id.* ¶¶ 12–14.) Furthermore, Defendant received his compensation and directions from RMR and Riccardi. (*Id.*) However, because the municipal bond industry is nationwide, and the bond transactions can be conducted by phone or through electronic communications, many of the defendants worked remotely for RMR and resided outside of the Southern District of California. (*Id.* ¶¶ 13–26.) For example, the Murphys and another defendant reside in Colorado; Defendant and two other defendants reside in New Jersey; while others reside in California, New York, Texas, Florida, and Washington. (*Id.*)

Defendant filed this instant motion to transfer venue on May 16, 2019. (Doc. No. 86.) Plaintiff opposed this motion. (Doc. No. 96). The Murphys also opposed this motion. (Doc. No. 97.) This Order follows.

# LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against

unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citation omitted). Whether to transfer a case pursuant to § 1404 is in the broad discretion of the district court and is appropriately determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion to transfer venue, the moving party must establish that (1) venue is proper in the original district; (2) the transferee district is one where the action could have been brought; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155–56 (N.D. Cal. 2009). "Generally, a defendant 'must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *In re Ferrero Litigation*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (quoting *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)), *superseded by statute on other grounds by* 28 U.S.C. § 1391.

In assessing whether a transfer of venue will serve the convenience of the parties and witnesses, courts consider the following factors: (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013).

## DISCUSSION

Defendant requests a change of venue to the United States District Court in New Jersey. (*See generally* Doc. No. 86.) Defendant argues that his reasons to change venue are based primarily on Defendant's chronic health problems, his responsibilities as a caregiver, and the extreme hardship that would result to him if venue was not changed.

///

///

A.  <u>Venue in Transferor and Transferee Courts</u>

The first step in the Court's venue analysis is to determine whether the instant action could have been brought in the transferee district, the District of New Jersey. Pursuant to 28 U.S.C. section 1391(b), a civil action may be brought in any of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant asserts that this action could have been brought in the District of New Jersey because a substantial part of the events occurred in New Jersey and because he resides in New Jersey. (Doc. No. 86-1 at 7.) However, Defendant Gounaud is not the only defendant in this case. This action is against fourteen defendants. Defendant has not established that this action could have been brought against all defendants in the District of New Jersey. Accordingly, Defendant has failed to establish that this action could have been brought in the District of New Jersey. Furthermore, venue is proper in this District, and that appears undisputed by Defendant. The fact that Defendant has not proven that this action could have been brought in the District of New Jersey alone allows for denial of Defendant's motion. However, the Court will briefly address the other factors.

B.  <u>Fairness Factors</u>

Once a court has determined that venue is proper in both the transferee and transferor courts, it then considers public factors relating to the interest of justice, as well as private factors focused on the convenience of the parties and witnesses. *Decker Coal Co.*, 805 F.2d at 843. The Ninth Circuit recognizes that the "'[w]eighing of factors for and against transfer

involves subtle considerations and is best left to the discretion of the trial judge.'" *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

### i. Plaintiff's Choice of Forum

Ordinarily, a strong presumption exists in favor of a plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). However, in cases where a plaintiff's choice of forum lacks a significant connection to the transactions giving rise to the plaintiff's claims, a plaintiff's choice of forum is entitled to less weight. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("Plaintiff's choice of forum, then, is not the final word.").

Defendant argues that Plaintiff's choice of forum is entitled to minimal or no deference because the SEC has regional offices across the United States and is litigating this matter from its office in Washington D.C. (Doc. No. 86-1 at 9–10.) In opposition, Plaintiff argues that the operative facts in this case are connected to this District. (Doc. No. 96 at 13.) Defendant routinely received orders for bonds from Riccardi and RMR, located in this District. Defendant received compensation from RMR, which is a Chula Vista-based company. This case involves several defendants working for the same company based in Southern California. Furthermore, in securities litigation "unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Accordingly, the Court finds that Plaintiff's choice of forum is entitled to deference. Thus, this factor weighs in favor of this District.

### ii. Convenience of the Parties

Defendant argues that the District of New Jersey is a more convenient forum for him. (*See generally* Doc. No. 86-1.) Defendant also contends that it will not be any less convenient for the remaining defendants because they are content with traveling. (*Id.*) However, the remaining defendants oppose Defendant's motion to change venue and would prefer to have this litigation remain in this District. (Doc. No. 97 at 2.) Furthermore,

given that the SEC nor the remaining defendants reside in the same area, there is no district that would negate the need for travel. This factor again weighs slightly in favor of the litigation remaining in this District.

### iii. *Convenience of the Witnesses*

The convenience of a particular forum to witnesses is often recognized as the most important factor considered in ruling on a motion under § 1404(a). *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). "The party seeking transfer cannot rely on vague generalizations as to the convenience factors. The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002). Here, Defendant failed to identify any particular witnesses and what their content of their testimony would be in his motion. Defendant does identify a few witnesses in his reply. (Doc. No. 99 at 11.) However, Defendant still failed to provide a generalized statement as to the content of the key witnesses' testimony.

Furthermore, key witnesses in this case will likely include RMR employees and Riccardi. These witnesses reside in this District. They will able to testify about "(1) bond and other securities orders asked by Gounaud and the Murphys to fill; (2) transaction-based compensation that Gounaud and the Murphys received from RMR for flipping bonds and other securities; (3) whether Gounaud and the Murphys used their own funds to flip bonds and other securities or traded securities for the accounts of others; and (4) the frequency and regularity with which Gounaud and the Murphys brought and sold bonds and other securities." (Doc. No. 96 at 18.) Accordingly, this factor again weighs in favor of this litigation remaining in this District.

### iv. *Ease of Access to Evidence*

Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because "advances in technology have made it easy for documents to be transferred to different locations." *Metz*, 674 F. Supp. 2d at 1148. Given that documentary evidence in this case is primarily transferred electronically, the ease of

access to evidence factor is neutral.

    *v.*    *Familiarity of Each Forum with Applicable Law*

This case involves federal securities laws, accordingly both this District and the District of New Jersey have equal familiarity with the relevant statues and case law. Thus, this factor is neutral.

    *vi.*    *Court Congestion and Time to Trial*

In analyzing a motion to transfer venue courts are also directed to consider the relative court congestion in each proposed venue. Defendant did not address this argument in his motion. In his reply, he explains that the fact that he cannot fly and will have to drive will affect the Court's schedule. However, this is not relevant in analyzing this factor. Accordingly, this factor bears no weight on the Court's decision.

Finding that Defendant has failed to establish that this case could have been brought in the District of New Jersey and that the majority of factors do not support transfer to the District of New Jersey, Defendant's motion to transfer venue is **DENIED**.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to transfer venue.

**IT IS SO ORDERED**.

Dated: May 18, 2020

                                                Hon. Anthony J. Battaglia
                                                United States District Judge