JAMES E. SMITH (DC Bar No. 482985)
Email: smithja@sec.gov
CHRISTIAN SCHULTZ (DC Bar No. 485557)
Email: schultzc@sec.gov
KEVIN GUERRERO (AZ Bar No. 023673)
Email: guerrerok@sec.gov
LAURA J. CUNNINGHAM (DC Bar No. 1029465)
Email: cunninghaml@sec.gov
WARREN E. GRETH, JR. (VA Bar No. 72988)
Email: grethw@sec.gov
CORI M. SHEPHERD (DC Bar No. 993503)
Email: shepherdco@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-8430
Facsimile: (202) 772-9282

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>    vs.<br><br>RMR Asset Management, et al.,<br><br>        Defendants. | CASE NO. 18-cv-1895 AJB LL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMEDIES ORDER AND ENTRY OF FINAL JUDGMENT**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: September 25, 2020 |

1

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................1

ARGUMENT ..................................................................................................................3

    I.     The Court Should Assess Civil Penalties Against Defendants. ......3

          A.     Penalties for Section 15(a) Violations .................................4

          B.     Penalties for Jocelyn Murphy's Fraudulent Activity...........6

    II.    The Court Should Permanently Enjoin Defendants from Future Violations of Section 15(a) and Jocelyn Murphy from Violations of Section 10(b), Rule 10b-5. ..........................................................7

          A.     The SEC Seeks Injunctions from Further Violations of Section 15(a) and Section 10(b), and Rule 10b-5 thereunder.................................................................................7

          B.     Injunctive Relief Relating to Specific Conduct ...................8

    III.   The Requested Remedies are Appropriate. ....................................9

CONCLUSION ..............................................................................................................15

1

**TABLE OF AUTHORITIES**

2

**Cases**             **Page**

3

*In re Reserve Fund Secs. and Deriv. Litig.,* Case No. 09-cv-4346,

4

     2013 WL 5432334 (S.D.N.Y. Sept. 30, 2013)................................................... 5

5

6

*SEC v. Amerifirst Funding, Inc.*, No. 07-cv-1188, 2008 WL 1959843

7

     (N.D. Tex. May 5, 2008)................................................................................. 5

8

9

*SEC v. Coates*, 137 F. Supp. 2d 413 (S.D.N.Y. 2001)........................................... 5

10

*SEC v. Fehn*, 97 F.3d 1276 (9th Cir. 1996)........................................................ 12

11

12

*SEC v. Feng*, 935 F.3d 721 (9th Cir. 2019).......................................................... 2

13

14

*SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996) ............................ 17

15

*SEC v. Gowrish*, No. C 09–05883 SI, 2011 WL 2790482

16

17

     (N.D. Cal. Jul. 14, 2011) ............................................................................ 17

18

*SEC v. K.W. Brown & Co.*, 555 F. Supp. 2d 1275 (S.D. Fla. 2007).................... 14

19

20

*SEC v. Loomis*, 17 F. Supp. 3d 1026 (E.D. Cal. 2014) ........................................ 12

21

*SEC v. Lybrand*, 281 F. Supp. 2d 726 (S.D.N.Y. 2003), *aff'd sub*

22

23

     *nom. SEC v. Kern*, 425 F.3d 143 (2d Cir. 2005)............................................ 16

24

*SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980) ............................................. 12, 13

25

26

*SEC v. Palmisano*, 135 F.3d 860 (2d Cir. 1998)................................................. 12

27

*SEC v. Pattison,* No. C-08-4238, 2011 WL 723600

28

(N.D. Cal. Feb. 23, 2011)............................................................. 5

*SEC v. RMR Asset Mgmt. Co., et al*, No. 18-cv-4195, 2020 WL

4747750 (S.D. Cal. Aug. 17, 2020) ........................................... passim

*SEC v. Smith*, Case No. 14-cv-192, 2015 WL 5793999

(D.N.H. Oct. 1, 2015)................................................................. 4

*SEC v. Spyglass Equity Sys.*, 2012 WL 13008422

(C.D. Cal. Apr. 5, 2012)............................................................ 12

*SEC v. Wilde*, Case No. 11-cv-0315, 2012 WL 6621747

(C.D. Cal. Dec. 17, 2012) ........................................................ 4, 13

**Statutes**

15 U.S.C. § 78c(a)(4)(A) ................................................................ 2

15 U.S.C. § 78j ...................................................................... passim

15 U.S.C. § 78o(a)(1) ............................................................. passim

15 U.S.C. § 78u(d) ...................................................................... 12

15 U.S.C. § 78u(d)(3)............................................................. passim

15 U.S.C. §77t(d)(2)................................................................ 3, 4, 6

Securities Law Enforcement Remedies Act of 1990, H.R. Rep. No.

101-616 (1990), reprinted in 1990 U.S.C.C.A.N. 1379................................. 12

**Rules**

17 C.F.R. § 201.1001 ............................................................................... 3

17 C.F.R. § 240.10b-5 .................................................................... passim

**Other Authorities**

*In the Matter of J.S. Oliver Capital Mgmt., Lp, & Ian O. Mausner*,

    Securities Act Release No. 4431 (June 17, 2016)........................................... 12

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Memorandum of Points and Authorities in support of its motion for a remedies order and entry of final judgment against Defendants Jocelyn Murphy ("Jocelyn Murphy") and Michael Sean Murphy (Michael Murphy"), (collectively, the "Murphy Defendants"), and Richard Gounaud ("Gounaud"), (collectively, the "Defendants").

## **<u>INTRODUCTION</u>**

The SEC filed this action alleging that, for years, Defendants acted as unregistered brokers when they bought and sold securities, including new-issue municipal bonds, on behalf of RMR Asset Management Company ("RMR"), in violation of Section 15(a)(1) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78o(a)(1).  The SEC further alleged that Jocelyn Murphy, while seeking to purchase new-issue municipal bonds, frequently lied about her residence to obtain the highest priority for her orders, thereby committing fraud in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

On April 24, 2020, after the close of discovery, the SEC moved for summary judgment against all Defendants.  (Dkt. No. 115).  The Court heard oral argument on the motion on July 23, 2020, and, on August 14, 2020, the Court granted the SEC's motion.  (Dkt. No. 137), *SEC v. RMR Asset Mgmt. Co., et al*, No. 18-cv-4195, 2020 WL 4747750 (S.D. Cal. Aug. 17, 2020).  The Court found that, for

years, Defendants engaged in thousands of transactions on RMR's behalf, using RMR's capital, and received transaction-based compensation for this trading activity. *Id.* at *1. Applying the multi-factor test set forth in *SEC v. Feng*, 935 F.3d 721, 731 (9th Cir. 2019), the Court held that the undisputed evidence showed that Defendants acted as unregistered brokers as defined by Sections 3(a)(4)(A) (15 U.S.C. § 78c(a)(4)(A)) and Section 15(a) of the Exchange Act. *RMR Asset Mgmt. Co.,* 2020 WL 4747750, at *4. The Court further found that Jocelyn Murphy fraudulently obtained new issue municipal bonds in violation Section 10(b) and Rule 10b-5 thereunder. *Id.* at *5. The question now is what sanctions and other remedies should result. The SEC requests an impactful remedy, one that appropriately punishes Defendants' conduct, deters future misconduct, and sends a clear signal to others that civil judicial enforcement of their conduct has teeth. The SEC requests the Court enter final judgments requiring Defendants to pay civil penalties, enjoining all Defendants from violating Section 15(a), and enjoining  Defendant Jocelyn Murphy from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. The SEC also requests injunctions against all Defendants enjoining specific conduct as it relates to their brokerage accounts. Defendants' long history of securities laws violations warrants imposing the requested relief.

CASE NO. 18-CV-4195 AJB LL

# ARGUMENT

## I.     The Court Should Assess Civil Penalties Against Defendants.

Under Section 20(d)(2) of the Securities Act and Section 21(d)(3) of the Exchange Act, the Court may impose a monetary penalty against Defendants in an amount that is the greater of (i) his or her pecuniary gain, or (ii) specific statutory amounts multiplied by the number of violations committed. *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3).  Exchange Act Section 21(d)(3) provides for Tier 1 penalties of either $7,500 per violation (or $9,639 for acts occurring after November 2, 2015) or the gross amount of pecuniary gain to a defendant as result of the violation.  15 U.S.C. § 78u(d)(3)(b)(i).

For charges involving fraud, Tier 2 penalties allow for $80,000 per violation (or $96,384 for acts occurring after November 2, 2015) or gross pecuniary gain to the defendant, *id*. § 78u(d)(3)(b)(ii), and Tier 3 penalties for charges involving fraud allow for $160,000 (or $192,768 for acts occurring after November 2, 2015) or gross pecuniary gain to the defendant, *id*. § 78u(d)(3)(b)(iii).  *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3); 17 C.F.R. § 201.1001; Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2020), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.htm; *see also SEC v. Wilde*, Case No. 11-cv-0315, 2012 WL 6621747 at *16 (C.D. Cal. Dec.

17, 2012) (noting a penalty may be imposed for each "violation"); *SEC v. Smith*, Case No. 14-cv-192, 2015 WL 5793999, at *1 n.2 (D.N.H. Oct. 1, 2015) (holding that in determining an appropriate penalty amount, courts may look to the number of statutory provisions the defendant violated); *In re Reserve Fund Secs. and Deriv. Litig.*, Case No. 09-cv-4346, 2013 WL 5432334, at *20 (S.D.N.Y. Sept. 30, 2013) (courts also may "look to either the number of violative transactions or the number of investors to whom illegal conduct was directed.").[1]  Within the allowable ranges and tier levels, the total penalty amount imposed is ultimately to be determined by the court "in light of the facts and circumstances." 15 U.S.C. §§ 77t(d)(2)(A), 78u(d)(3)(B).

### A.     Penalties for Section 15(a) Violations.

The SEC requests the Court apply a Tier 1 penalty for each month during which Defendants Michael Murphy and Richard Gounaud violated Section

---

[1] Several courts have stated that Section 21(d)(3) permits the assessment of a civil penalty for *each act* that violates the federal securities laws.  *See SEC v. Pattison,* No. C-08-4238, 2011 WL 723600, at *5 (N.D. Cal. Feb. 23, 2011) (stating that "[t]he Court may assess a penalty for each distinct violation . . ."); *SEC v. Amerifirst Funding, Inc.*, No. 07-cv-1188, 2008 WL 1959843, at *8-9 (N.D. Tex. May 5, 2008) (finding that each of the 589 investments defendants defrauded from investors constituted separate violations of the federal securities laws and assessed a penalty for each violation); *SEC v. Coates*, 137 F. Supp. 2d 413, 428-30 (S.D.N.Y. 2001) (assessing a $10,000 penalty for each of four separate, misleading statements to investors.)  Applying that standard here, the Court could impose a tier one penalty for each of Defendants' illegally performed trades.  Based on the vast number of securities transactions the Court found, *RMR Asset Mgmt. Co.*, 2020 WL 4747750, at *1, the Court could apply civil penalties amounting to millions of dollars for each Defendant.

15(a).  The SEC asserts that such a penalty is appropriate, reasonable, and accounts for the long-term nature of these Defendants' misconduct.

The Court found that Michael Murphy engaged in securities transactions on behalf of RMR between November 28, 2011 and March 10, 2017, a period of sixty-five (65) months.  *RMR Asset Mgmt. Co.*, 2020 WL 4747750 at *1.   The Court similarly found that Gounaud traded on RMR's behalf from August 14, 2013 through May 4, 2017, a period of forty-six (46) months.  *Id.*  Applying one Tier 1 penalty for each of the sixty-five (65) months in the period that Michael Murphy engaged in unregistered broker activity for RMR – months where he averaged nearly 150 transactions – results in total Section 15(a) penalties of $523,863.[2]  Applying one Tier 1 penalty for each of the forty-six (46) months in the period that Gounaud engaged in unregistered broker activity for RMR, where he averaged nearly 50 transactions per month, results in total Section 15(a) penalties of $385,641.[3]  The SEC respectfully seeks penalties against Defendant Michael Murphy and Defendant Gounaud in these amounts.

_____

[2]  Forty-eight (48) months were before November 2, 2015 (@$7,500 per = $360,000) and seventeen (17) months were after November 2, 2015 (@$9,639 per = $163,863), rendering total penalties of $523,863 for Michael Murphy's unregistered broker activity. *See* Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2020), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.htm (stating inflation adjusted "tier one" penalties by time period "for natural person" under 15 U.S.C. § 78u(d)(3)).

[3]  Twenty-seven (27) months were before November 2, 2015 (@$7,500 per = $202,500), and nineteen (19) months were after November 2, 2015 (@$9,639

### B.     Penalties for Jocelyn Murphy's Fraudulent Activity.

In addition to ruling that Jocelyn Murphy's trading on behalf of RMR violated Section 15(a), the Court held that she committed securities fraud in violation of Section 10(b) and Rule 10b-5 thereunder.  Given the serious nature of Ms. Murphy's fraudulent conduct, the SEC seeks penalties based on the number of municipal securities offerings where Jocelyn Murphy committed fraud by providing false zip codes with her purchase orders.

During her sixty-eight (68) months of unregistered broker activity for RMR, Jocelyn Murphy committed fraud by providing false zip codes in connection with at least twenty-one (21) municipal securities offerings. (Declaration of Laura J. Cunningham ("Cunningham Declaration") at ¶¶ 3-23 and Exhibits 1-21.)  Imposing one Tier 2 penalty for each of Ms. Murphy's 21 violations of Section 10(b) and Rule 10b-5 results in fraud penalties of $1,761,920.[4]  In seeking this civil penalty against Ms. Murphy, the SEC is not

_____

per = $183,141), rendering total penalties of $385,641 for Gounaud's unregistered broker activity.  *See* Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2020), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.htm (stating inflation adjusted "tier one" penalties by time period "for natural person" under 15 U.S.C. § 78u(d)(3)).

[4] Jocelyn Murphy committed fraud in connection with 16 municipal securities offerings before November 2, 2015 (@$80,000 per = $1.28M) and 5 offerings after November 2, 2015 (@$96,384 per = $481,920), rendering total fraud penalties of $1,761,920.  (Cunningham Declaration at ¶¶ 3-23.)  *See* Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2020), https://www.sec.gov/enforce/civil-penalties-inflation-adjustments.htm (stating

requesting a separate penalty based solely on her many months of unregistered broker activity that violated Section 15(a), and believes this fraud penalty appropriately and reasonably encompasses all of Ms. Murphy's misconduct.

## II.   The Court Should Permanently Enjoin Defendants from Future Violations of Section 15(a) and Jocelyn Murphy from Violations of Section 10(b), Rule 10b-5.

In addition to civil monetary penalties, the SEC seeks injunctive relief that prevents Defendants from further violating the federal securities laws.  The requested injunctions ensure that Defendants will not engage in the conduct that was the subject of this lawsuit and protect investors and the marketplace alike.

### A.   The SEC Seeks Injunctions from Further Violations of Section 15(a) and Section 10(b), and Rule 10b-5 thereunder.

The SEC requests that the Court enjoin each Defendant from further violations of Sections 15(a).  The SEC further requests the Court enjoin Defendant Jocelyn Murphy from violating Section 10(b) and Rule 10b-5.

Each Defendant is a sophisticated investor and securities trader who bought and sold securities on behalf of RMR for years.  Prior to working as an RMR independent contractor, each defendant had a license with a U.S. securities regulator.  November 20, 2019, Deposition of Jocelyn Murphy ("J. Murphy Tr.") at 21:13-23:10 (Declaration of James E. Smith ("Smith Decl.") Ex. A);

inflation adjusted "tier 2" penalties by time period "for natural person/fraud" under 15 U.S.C. § 78u(d)(3)).

November 19, 2019, Deposition of Michael Murphy ("M. Murphy Tr.") at 12:4-17 (Smith Decl. Ex. B); November 18, 2019, deposition of Richard Gounaud ("Gounaud Tr.") (Smith Decl. Ex. C) at 170:16-171:16.

Michael Murphy and Richard Gounaud have continued to trade securities, or suggested they would continue to trade securities, in a fashion similar to the conduct that led to this lawsuit.  For example, Michael Murphy continued to buy and sell securities after the SEC filed this lawsuit, using "loans" and capital from sources other than his own.  M. Murphy Tr. at 32-35; 151.  Gounaud also stated that if Ralph Riccardi ("Riccardi") did not provide the capital for Gounaud's trades, he would "go find another backer."  Gounaud Tr. at 85.  As for Jocelyn Murphy, the Court found that she admitted that she lied when she submitted "fake" zip codes and admitted that failing to provide a zip code would preclude her from the highest priority order period.  *RMR Asset Mgmt. Co.*, 2020 WL 4747750, at *5.

Under these circumstances, injunctive relief prohibiting future violations of the securities law provisions violated by Defendants is appropriate.

**B.    Injunctive Relief Relating to Specific Conduct.**

In addition to enjoining all Defendants from future violations of Section 15(a), and Jocelyn Murphy from future violations of Section 10(b) and Rule 10b-5 thereunder, the SEC also seeks injunctive relief tailored to Defendants' specific unregistered broker misconduct.

During the years that Defendants bought and sold securities on behalf of RMR, Defendants opened their own brokerage accounts and then linked these accounts to RMR's prime brokerage account. *RMR Asset Mgmt. Co.*, 2020 WL 4747750 at *2. Although RMR paid for the municipal bonds and other securities with capital from the RMR prime brokerage account, the initial orders for the municipal bonds and other securities were placed via Defendants' personal brokerage accounts. To effectively police future conduct, the SEC requests an injunction enjoining Defendants, for a period of ten (10) years from the date of the Court's final judgment, from opening or maintaining any brokerage account without providing the relevant brokerage firm a copy of the Complaint in this action and the Court's Final Judgment.[5]

## III.   The Requested Remedies are Appropriate.

Section 21(d) of the Exchange Act authorizes the SEC to seek penalties and injunctive relief for conduct that violates the Act. 15 U.S.C. § 78u(d). Civil penalties are "determined by the court in light of the facts and circumstances." *Id*. § 78u(d)(3) (B). A penalty for securities law violations should seek to achieve at least two goals: punishment of the violator and

_____

[5] Eleven defendants settled this matter without litigation. Riccardi and RMR consented to the imposition of a permanent injunction regarding disclosure of this litigation to their brokerage firms identical to what the SEC seeks against Defendants here. (Dkt. Nos. 10, 20). The remaining nine defendants, all of whose participation is similar to Defendants' here, consented to the imposition of the same injunction for a period of five years. (Dkt. Nos. 1-9; 11-19; 21-22).

deterrence to future violators.  *See* Securities Law Enforcement Remedies Act of 1990, H.R. Rep. No. 101-616, at 19-21 (1990), reprinted in 1990 U.S.C.C.A.N. 1379, 1384-86.  It should also advance the goals of "encouraging investor confidence, increasing the efficiency of financial markets, and promoting the stability of the securities industry."  *SEC v. Palmisano*, 135 F.3d 860, 866 (2d Cir. 1998); *SEC v. Spyglass Equity Sys.*, 2012 WL 13008422 at *3 (C.D. Cal. Apr. 5, 2012).  Injunctions are appropriate upon a showing that there is a "reasonable likelihood of future violations of the securities laws."  *SEC v. Fehn*, 97 F.3d 1276, 1295 (9th Cir. 1996).  "The granting or denying of injunctive relief rests within the sound discretion of the trial court."  *Id.* at 1295.  The civil penalties and injunctive relief the SEC seeks here are appropriate given that Defendants engaged in unlawful and deceitful conduct for years.

In determining the appropriateness of both penalties and injunctions, courts in the Ninth Circuit considers the factors set forth as described in *Fehn*, 97 F.3d at 1295-96, and *SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980).  *See SEC v. Loomis*, 17 F. Supp. 3d 1026, 1029-30 (E.D. Cal. 2014); *Wilde*, 2012 WL 6621747, at *45.  Those factors include:

(i)    the degree of scienter involved;

(ii)    the isolated or recurrent nature of the infraction;

(iii)    the defendant's recognition of the wrongful nature of his or her conduct;

(iv)    the likelihood, because of defendant's professional occupation, that future violations might occur; and

(v)    the sincerity of his or her assurances against future violations.

*Murphy*, 626 F.2d at 655.  These factors support the remedies the SEC seeks.

First, the Court held that Jocelyn Murphy violated Section 10(b) and Rule 10b-5 thereunder, finding that Ms. Murphy acted with scienter when she submitted fraudulent zip codes in an effort to obtain municipal bonds.  *RMR Asset Mgmt. Co.*, 2020 WL 4747750, at *5.[6]  As the Court noted, in submitting the false zip codes to obtain bonds, "[Ms.] Murphy knew that she did not reside in these zip codes . . . [and] admitted she knew failing to provide a zip code from these jurisdictions would not place her in the highest priority period…." *Id.* Based on the Court's findings, it is clear that Jocelyn Murphy acted with a high degree of scienter in fraudulently obtaining municipal bonds.

Second, the Court found that Defendants' conduct was far from isolated. *RMR Asset Mgmt. Co.,* 2020 WL 4747750, at *1 (listing years of trading and number of trades for Defendants).  Each Defendant traded securities on behalf of RMR for years, executing thousands of trades using RMR's capital. *Id.*  As such, Defendants' conduct exhibited recurrent violations and warrant the remedies the SEC seeks.  *See, e.g., SEC v. K.W. Brown & Co.*, 555 F. Supp. 2d 1275, 1315

---

[6] As the Court is aware, scienter is not an element of Section 15(a).  *See Feng*, 935 F.3d at 731-33.

(S.D. Fla. 2007), supplemented (Jan. 4, 2008) (noting that misconduct occurred over 46 months and "the Court could easily impose 46 third-tier penalties against Defendants"); *In the Matter of J.S. Oliver Capital Mgmt., Lp, & Ian O. Mausner*, Securities Act Release No. 4431 (June 17, 2016) (Commission decision imposing separate penalties for each month in which violations occurred).

Third, the evidence suggests a strong likelihood that Defendants may attempt to engage in the conduct addressed by the Court again.  Gounaud and Michael Murphy both testified under oath that as of November 2019, they were engaged, or would continue to be engaged, in securities trading using capital of another person.  *See* Gounaud Tr. at 85; M. Murphy Tr. at 32-35; 151.  Indeed, Michael Murphy admitted that his occupation was a "trader" of securities.  M. Murphy Tr. at 151.

Finally, Defendants have not exhibited any remorse or recognition of the wrongfulness or seriousness of their conduct.  Rather than accept the SEC's settlement offer, as eleven other defendants did, Defendants chose litigation.  This was their right.  However, it is the manner in which Defendants exercised that right that warrants scrutiny.  Defendants asserted their positions with misstatements and inconsistencies unsupported by the evidence, as the Court stated in its ruling.  Ms. Murphy contended, without evidence, that there was nothing wrong with lying about her residence to obtain securities because her

brokers knew where she *really* lived.  *RMR Asset Mgmt. Co.,* 2020 WL 4747750, at *5.  Essentially, Ms. Murphy's defense was that it was okay to lie because everyone knew she was doing it.

Further, the Murphy Defendants claimed that they were partners with Riccardi, blatantly contradicting their own prior statements, including statements under oath, that no partnership existed between Riccardi and themselves.  *Id.* at *3-4.  When the SEC pointed out these inconsistencies, the Murphy Defendants, again without proof, blamed it on their prior counsel.  (May 29, 2020 Declaration of Jocelyn Murphy at ¶¶ 16-17 (Dkt. 123.1); May 29, 2020 Declaration of Michael Murphy at ¶¶ 20-21 (Dkt. 123.2).)  Gounaud similarly claimed a partnership with Riccardi without any credible evidentiary support.  Through these actions, the Court can infer that Defendants have little remorse for their conduct.  Instead, at great cost to the government to pursue justice in this case, Defendants have continued to approach this matter, without evidentiary support, as though they have done nothing improper.  *See generally SEC v. Lybrand*, 281 F. Supp. 2d 726, 732 (S.D.N.Y. 2003), *aff'd sub nom. SEC v. Kern*, 425 F.3d 143 (2d Cir. 2005) (penalties particularly enhanced as to those who failed to own up to their wrong, "downplayed their own involvement," "blame[d] others," including "their lawyer and their stock broker," and would not cooperate with the SEC in the search for their assets); *SEC v. Gowrish*, No. C 09–05883 SI, 2011 WL 2790482, *5 (N.D. Cal. Jul. 14, 2011) ("[a] 'persons

lack of remorse' can be 'apparent in' the person's 'continued insistence on the validity of his' conduct that has been found to be a violation) (citing *Fehn*, 97 F.3d at 1296).  Under such circumstances, the relief the SEC seeks here is appropriate and reasonable.  *See, e.g.*, *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1478 (2d Cir. 1996) (finding injunctive relief appropriate where defendant's testimony was "belligerently evasive," infused with claims of accidental misconduct and denials of wrongdoing).

Accordingly, the SEC respectfully requests the Court order penalties against Michael Murphy in the amount of $523,863, against Gounaud in the amount of $385,641, and against Jocelyn Murphy in the amount of $1,761,920.  The SEC further requests that the Court enjoin all Defendants from further violations of Sections 15(a) of the Exchange Act and enjoin Jocelyn Murphy from further violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Finally, the SEC requests that the Court enjoin all Defendants, for a period of ten (10) years, from opening or maintaining any brokerage account without providing the brokerage firm a copy of the Complaint and Final Judgment in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, the SEC respectfully requests the Court grant the SEC's Motion for Remedies Order and Entry of Final Judgment against Defendants Jocelyn Murphy, Michael Sean Murphy, and Richard Gounaud, requiring civil penalties and imposing the injunctive relief requested herein.  Included with this filing are proposed judgments for each Defendant.

DATED:  September 25, 2020          Respectfully submitted,

SECURITIES AND EXCHANGE
COMMISSION

By:   */s/ James E. Smith*

   JAMES E. SMITH
Christian Schultz
Laura J. Cunningham
Warren Greth
Cori M. Shepherd
Kevin Guerrero
Attorneys for Plaintiff
  Securities and Exchange Commission

# **CERTIFICATE OF SERVICE**

I hereby certify that, on September 25, 2020, I served Plaintiff's Motion and Memorandum of Points and Authorities in Support of Motion for Remedies Order and Entry of Final Judgment on the individuals identified on the service list provided below by the following means:

☐   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail, with Express Mail postage paid.

☐   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I or someone on my behalf deposited in a facility regularly maintained by UPS or delivered to a UPS courier.

☒   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 25, 2020           */s/ James E. Smith*

                                  James E. Smith

**<u>SEC v. RMR ASSET MANAGEMENT COMPANY, et al.</u>**
**United States District Court—Southern District of California**
**Case No. 3:18-cv-01895-AJB-LL**

## <u>SERVICE LIST</u>

Robert Knuts, Esq. **(served by email only)**
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Email:  rknuts@shertremonte.com
*Counsel for Defendants Jocelyn M. Murphy and Michael S. Murphy*


Thomas D. Mauriello, Esq. **(served by email only)**
Mauriello Law Firm, APC
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Email:  tomm@maurlaw.com
*Counsel for Defendants Jocelyn M. Murphy and Michael S. Murphy*


Richard Gounaud **(served by email only)**
9 Cliffwood Road
Chester, NJ 07930
*Defendant in Pro Se*