# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>Defendants. | Case No. 3:18-cv-01895-AJB-LL<br><br>FINAL JUDGMENT AS TO JOCELYN M. MURPHY |

Consistent with the Court's Order Granting Plaintiff Securities and Exchange's Motion for Summary Judgment (Dkt. No. 137), finding that Defendant Jocelyn M. Murphy ("Defendant") violated Section 15(a)(1) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] and the Court's Order Granting in Part and Denying in Part the SEC's Motion for Remedies (Dkt. No. 186):

///

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)], by making use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, a security without being registered in accordance with Section 15(a)(1) of the Exchange Act

while engaged in the business of effecting transactions in securities for the account of others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is enjoined for a period of five (5) years from the date of this Final Judgment from, directly or indirectly, opening or maintaining any brokerage account(s) without providing the relevant brokerage firm(s) a copy of the Complaint and a copy of this Final Judgment.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay civil penalties in the amount of $1,761,920.00, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u-1].  Defendant shall satisfy this obligation by making this payment to the Securities and Exchange Commission within 30 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

///

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169Enterprise Services Center

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jocelyn M. Murphy as a defendant; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for civil penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, AJUDGED, AND DECREED that the SEC's Third Claim for Relief – for Violations of MSRB Rule G-17 – shall be dismissed with prejudice.

///
///
///
///
///
///
///

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for no longer than one year following the date of entry of this Final Judgment, this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated:  February 12, 2021

Hon. Anthony J. Battaglia
United States District Judge