UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-cv-1895-AJB-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RICHARD GOUNAUD'S MOTION FOR UNBONDED STAY OF THE FINAL JUDGMENT**<br><br>**(Doc. No. 203)** |

Before the Court is pro se defendant Richard Gounaud's ("Gounaud") motion for an unbonded stay of the final judgment pending appeal pursuant to Federal Rule of Civil Procedure 62. (Doc. No. 203.) Plaintiff, Securities and Exchange Commission ("SEC"), opposes the motion. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I. BACKGROUND

The SEC commenced this action, alleging that for several years, Gounaud, among others, violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") by acting as an unregistered broker when he bought and sold securities transactions on

behalf of RMR Asset Management Company ("RMR"). On August 14, 2020, the Court granted the SEC's motion for summary judgment, finding that upon consideration of the relevant factors, Gounaud was a broker as defined by Section 3(a)(4)(A) of the Exchange Act, and that there is no dispute that he did not register as a broker as required by Section 15(a) of the same. (Doc. No. 137 at 7.)

On February 3, 2021, the Court imposed civil penalties against Gounaud in the amount of $308,512.80, and subsequently issued a final judgment accordingly. (Doc. Nos. 186, 189.) On February 26, 2021, Gounaud filed a notice of appeal of the Court's judgment. (Doc. No. 192.) On March 22, 2021, Gounaud filed the instant motion for unbonded stay of the final judgment pending appeal. (Doc. No. 203.)

On May 20, 2021, the Court held a hearing on Gounaud's motion. During the hearing, the Court made clear to Gounaud that he bears the burden of demonstrating, with sufficient financial evidence, that he merits an unbonded stay of the final judgment. Gounaud then offered to submit supplemental documentation to substantiate his claims of financial hardship and asked the Court for guidance on what documents to submit. (Doc. No. 222 at 1.) Although the briefing deadline for his motion had passed, and although the SEC had already put him on notice of his lack of financial evidence, the Court nevertheless afforded Gounaud another opportunity to supplement his motion and even went so far as to identify for him the types of documents that could assist the Court in determining the merits of his motion. (*Id.* at 2.) Having considered Gounaud's supplemental financial documentation and the parties' arguments relating thereto, the Court issues the instant decision.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay from enforcement of a judgment "by posting a supersedeas bond acceptable to the court." *See Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay

of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The court has "inherent discretionary authority in setting supersedeas bonds," *id.*, and may even "waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990). "When a party wishes a court to depart from the usual requirement of a full security supersedeas bond, the burden is on the moving party to show reasons for the departure from the normal practice." *Salameh v. Tarsadia Hotel*, No. 09-cv-2739-GPC-BLM, 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (internal citations omitted).

"Although the Ninth Circuit has not articulated what factors should be considered when determining whether to waive the bond requirements, courts within this circuit have often considered those laid out in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)." *Schutza v. City of San Diego*, No. 13-cv-02992-CAB-KSC, 2018 WL 2018041, at *2 (S.D. Cal. Apr. 30, 2018) (citations omitted). The *Dillon* factors are as follows:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court had in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the costs of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904–05 (internal quotation marks and citations omitted).

### III.   DISCUSSION

Upon review of Gounaud's financial documents, the Court finds that Gounaud has not met his burden of establishing that he merits an unbonded stay of the final judgment. *See Salameh*, 2015 WL 13158486, at *2. As an initial matter, the Court notes that despite Gounaud's recognition that the *Dillon* factors are relevant to his motion, he addresses only the fifth factor, "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure

position." *Dillon*, 866 F.2d at 905. And while Gounaud submitted documents concerning three credit card loans that purportedly have been in default since May 2017, only one of them can be ascertained as remaining outstanding as of 2021. (Doc. No. 225 at 92–95.) Because the documentation provided for the two other loans are dated 2018 and 2019, the Court is unable to determine the present status of those obligations. Thus, the Court will not rely on them. Even considering the one ascertainable debt, Gounaud's monthly bank account statements show a steady, not insignificant source of income from which he could make at least partial payments toward the outstanding loan. As for his home, the documents show that it is valued at approximately $400,000 and subject to a reverse mortgage. The Court does not find that these facts necessitate a finding that requiring Gounaud to post a bond would place his claimed creditors in an insecure position. *See Dillon*, 866 F.2d at 905.

As for the remaining *Dillon* factors, Gounaud does not meaningfully address them. For instance, there is no indication that the judgment collection process is complex or that the amount of time to obtain a judgment after the appeal favors his request for an unbonded stay. *Id.* at 904. Moreover, given Gounaud's assertions of financial hardship, the Court has little confidence that an unbonded stay would protect the SEC's interest in the judgment. *See id.* For this same reason, Gounaud's ability to pay the judgment is not "so plain that the costs of a bond would be a waste of money." *Id.* at 905. As the Ninth Circuit has recognized, "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB*, 859 F.2d at 819. It therefore follows that a waiver of the bond requirement should be granted only where the movant has met his burden to show that departure from the normal rule is warranted. For the foregoing reasons, the Court finds that Gounaud has not met his burden of demonstrating that he merits an unbonded stay.

However, based on the financial documentation presented, the Court finds that posting a full bond would pose an undue financial burden on Gounaud. Accordingly, the Court finds it appropriate to stay execution of the judgment pending appeal—provided that

Gounaud posts a bond. The issue becomes what amount is appropriate. The Court acknowledges Gounaud's proposal of posting a $5,000 bond but finds that amount would not meaningfully protect the SEC's interest in the $308,512.80 penalty award. Moreover, although Gounaud may not have funds to secure the full amount of the civil penalties imposed against him, his financial records show an ability to pay more than a $5,000 bond. Based on Gounaud's monthly bank account statements, he appears to have a steady and dependable amount of disposable income. And while Gounaud claims that he will have extraordinary medical and home repair expenses in the coming year, the Court is unpersuaded that such expenses are urgent. Upon full consideration of the evidence presented, the Court finds a cash bond in the amount of 10% of the $308,512.80 penalty award appropriate in this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Gounaud's motion for an unbonded stay. (Doc. No. 203.) Accordingly, the Court enters the following orders.

- <u>No later than November 30, 2021</u>, Gounaud must post a cash bond in the amount of $30,851.28 with the Clerk of Court for the U.S. District Court, Southern District of California in Case No. 18-cv-1895-AJB-LL. The bond amount will be held in the court treasury pending resolution of the appeal.
- <u>No later than November 30, 2021</u>, Gounaud must also provide the Court and the SEC evidence of his compliance with this bond requirement.
- The stay will be effective upon the Court's approval of the bond posted by Gounaud. **IT IS SO ORDERED**.

Dated:  October 26, 2021

Hon. Anthony J. Battaglia
United States District Judge