UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiffs,<br><br>v.<br><br>RMR ASSET MANAGEMENT COMPANY, et al.,<br><br>                            Defendants. | Case No.: 18-cv-1895-AJB-LL<br><br>**ORDER DENYING RICHARD GOUNAUD'S EX PARTE MOTION FOR RECONSIDERATION**<br><br>**(Doc. No. 245)** |

Before the Court is *pro se* defendant Richard Gounaud's ("Gounaud") ex parte motion for reconsideration of the October 26, 2021 Order granting in part and denying in part his motion for an unbonded stay of the final judgment. (Doc. No. 245.) Plaintiff, the Securities and Exchange Commission ("SEC"), opposes the motion. (Doc. No. 247.) For the reasons set forth below, the Court **DENIES** Gounaud's motion for reconsideration.

## I. LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*,

555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## II.   DISCUSSION

Gounaud does not allege that there is newly discovered evidence or an intervening change in the controlling law. To the extent Gounaud bases his request for reconsideration on the SEC's filing of an Abstract of Judgment on September 17, 2021, his reliance thereon is unavailing. The parties were on notice of the filing for over a month before the Court issued its October 26, 2021 Order. The Court therefore declines to find that it constitutes newly discovered evidence or a highly unusual circumstance. The Court is also unconvinced by Gounaud's broad assertion that the SEC's lien "will prevent any borrower from granting a loan" to him. (Doc. No. 245-1 at 4.) Gounaud provides no corroboration for his claims. Indeed, there is no evidence that he has even attempted to obtain a loan or otherwise attempt to comply with the Court's Order before the deadline on November 30, 2021. Instead, Gounaud presents only his generalized speculation that because of the SEC's lien, he "certainly can no longer borrow the funds for the bond[.]" (*Id.*) Lastly, the Court notes that the SEC represents that it has not filed the Abstract of Judgment with the County Recorder in the country in which Gounaud resides, and therefore, "has not encumbered his assets in a manner that would prevent Gounaud from obtaining financing to satisfy the Court's October 26, 2021 Order." (Doc. No. 247 at 2.)

The remainder of Gounaud's motion simply reiterates arguments already submitted and rejected by this Court. Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. Nor does reassertion of arguments already extended and rejected provide an appropriate justification for reconsidering the Court's

Order. *See Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003) (stating that motions for reconsideration "are not the place for parties to make new arguments not raised in their original briefs. Nor is it the time to ask the Court to rethink what it has already thought" (citation omitted)). Insofar as the Court, in issuing its previous Order, already carefully considered and analyzed the very arguments Gounaud again raises, the Court finds it unnecessary to readdress them.

Thus, for the foregoing reasons, Gounaud has not shown that reconsideration is warranted here. The Court reiterates that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. Inc.*, 229 F.3d at 890.

### III. CONCLUSION

Upon review of Gounaud's motion, the Court finds no highly unusual circumstances, newly discovered evidence, clear error, or intervening change in the controlling law to justify reconsideration. Accordingly, the Court **DENIES** the motion for reconsideration. (Doc. No. 245.)

**IT IS SO ORDERED**.

Dated: November 24, 2021

Hon. Anthony J. Battaglia
United States District Judge